IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **LENOX MACLAREN SURGICAL CORPORATION**, a Colorado corporation, | |
| Plaintiff, | |
| v. | Case No. 2:12-mc-00042 |
| **MEDTRONIC, INCORPORATED**, a Minnesota corporation; **MEDTRONIC SOFAMOR DANEK, INCORPORATED**, an Indiana corporation; **MEDTRONIC PS MEDICAL INCORPORATED**, d/b/a MEDTRONIC NEUTROLOGICAL TECHNOLOGIES, a California corporation; and **MEDTRONIC SOFAMOR DANEK, CO. LTD.**, a Japanese corporation, | Civil Action No. 1:10-CV-01239-RPM (D.Colo.) |
| Defendants. | |

**ORDER DENYING NON-PARTY MEDTRONIC SOFAMOR DANEK USA, INC.'S MOTION TO QUASH SUBPOENA**

Before the Court is non-party Medtronic Sofamor Danek USA, Inc.'s ("MSD USA") Motion to Quash and for Protection under Rule 45 of the Federal Rules of Civil Procedure. (Docket Entry "D.E." # 1). For the reasons set forth herein, MSD USA's motion is hereby DENIED.

**I. Introduction**

The underlying case is pending before the United States District Court for the District of Colorado. Plaintiff Lenox Maclaren Surgical Corporation ("Lenox") initially sought to obtain discovery from MSD USA by issuing a subpoena directly to the underlying Defendants. MSD USA

1

is not a Defendant in the underlying case, but it is a wholly-owned subsidiary of the underlying Defendants. On May 21, 2012, the underlying Defendants filed a Motion to Quash Depositions and for Protection under Rule 26(c) in the United States District Court for the District of Colorado. (Pl.'s Resp., Exh. 2). On May 31, 2012, United States District Judge Richard P. Matsch held a hearing on the underlying Defendants' motion.

At the hearing, Judge Matsch considered whether Lenox's discovery requests as served upon the underlying Defendants were appropriate. (Pl.'s Resp., Exh. 4 "May 31, 2010 Transcript" at 40-55). Central to this determination was the prior litigation history between Lenox and MSD USA, *Lenox Maclaren Surgical Corp. v. Medtronic, Inc. et al.*, Civ. A. 10-cv-02139-RPM (D. Colo.) ("Lenox I"), including the extent to which Lenox had already discovered the information in the Lenox I litigation that it is currently seeking in this case. (May 31, 2012 Transcript at 41:2-3, 42:15-17). When asked whether Lenox sought to be "going back" into the matters addressed in Lenox I, Lenox affirmed that it did not seek to pursue any discovery on "already inquired of" matters or subjects. (May 31, 2012 Transcript at 45:19-25, 50:8-14). Instead, Lenox argued that it sought limited areas of discovery from MSD USA that were relevant to the instant case but were not addressed in Lenox I. (May 31, 2012 Transcript at 46:22-25, 47:1-4, 47:11-25, 48:1-25, 49:1-17).

Initially, Judge Matsch addressed the fact that the discovery requests had been "directed to" the underlying defendants rather than to MSD USA. (May 31, 2012 Transcript at 52:4-13). While Lenox argued that the information sought from MSD USA was in the "custody and control" of the underlying Defendants as parent corporations, Judge Matsch determined that it would be more appropriate for Lenox to pursue the discovery "separately." (May 31, 2012 Transcript at 52:14-16). Judge Matsch instructed Lenox to directly request the information from MSD USA by utilizing the

methods of discovery permitted for non-parties. (May 31, 2012 Transcript at 52:17-20, 53:2-8). Judge Matsch further advised that "the obligations of a non-party in response to written discovery can be different from those that relate to a party" and that they are "more narrow." (May 31, 2012 Transcript at 52:20-22).

On August 17, 2012, Lenox issued a non-party subpoena to MSD USA in the Western District of Tennessee seeking testimony from a designated representative and production of documents on certain listed matters. (Def.'s Mot. To Quash, Exh. 15 ("August 17, 2012 Subpoena")). The August 17, 2012 Subpoena states that, pursuant to Judge Matsch's May 31, 2012 Order, "Lenox does not request . . . any documents produced or information that was the subject of testimony" in the Lenox I litigation. (August 17, 2012 Subpoena at 5). Instead, "Lenox seeks only information or documents not previously disclosed, or in certain instances, information that was inadvertently not disclosed in full." (August 17, 2012 Subpoena at 5). With respect to the requests for production, Lenox again clarifies that it seeks the production of documents "which have not been previously produced." (August 17, 2012 Subpoena at 9).

**II. Analysis**

MSD USA's sole argument is that this Court should quash Lenox's subpoena as unduly burdensome and duplicative pursuant to Rule 45 of the Federal Rules of Civil Procedure. Rule 45 sets forth that, "[o]n timely motion, the issuing court must quash or modify a subpoena" that, *inter alia*, "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).

MSD USA asserts that the subpoena issued in the instant case subjects it to undue burden because it was "duplicative of the discovery it took from MSD USA in Lenox I." (Mot. to Quash at 8). However, the plain language of the subpoena itself states that it does not request any

3

documents or information that was previously disclosed in Lenox I. (August 17, 2012 Subpoena at 5, 9). While MSD USA compares the original requests in Lenox I with the current requests in Lenox II, Lenox has made clear that it does not seek duplicative discovery but merely any documents or information that have not been previously produced or were inadvertently not disclosed in full. (August 17, 2012 Subpoena at 5,9). Thus, this Court finds that there is no undue burden upon MSD USA with respect to duplicative production.[1]

### III. Conclusion

For the reasons set forth herein, MSD USA's Motion to Quash and for Protection (D.E. #1) is hereby DENIED.

**IT IS SO ORDERED** this 24th day of October, 2012.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE

---

[1] MSD USA also briefly asserts that the discovery requested by the subpoena "is not relevant to the antitrust claims raised in Lenox II." (Mot. to Quash at 8). However, Rule 45 only provides limited grounds for the issuing court to quash or modify a subpoena. Relevance is not one of the permissible bases for such relief. Instead, such concerns must be addressed by the court in which the underlying case is pending under Rule 26 of the Federal Rules of Civil Procedure. It appears that Lenox has already filed such a motion pursuant to Rule 26 in the United States District Court for the District of Colorado, which is currently pending before that court.